UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                        Case No. 22-CR-210

MAURICE DAVIS,

           Defendant.

## ORDER

Maurice Geonta Davis is charged with knowingly possessing a firearm after having been convicted of a felony. (ECF No. 1.) The deadline for filing pretrial motions was January 6, 2023. (ECF No. 12.) Davis did not file any motions.

On July 12, 2023, Davis filed a motion asking the court to "conduct[] a historical analysis of 18 U.S.C. 922(g)(1) to determine whether or not this Statute applies anymore to the Defendant, in the wake of *Bruen* and *Atkinson*, and if not, to dismiss the present Indictment against him," as well as leave to file the motion instanter. (ECF No. 28 at 3.)

Davis points to *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023), as the basis for his motion. In *Atkinson*, the plaintiff challenged the federal prohibition against felons possessing firearms as applied to him. However, he filed his suit before the Supreme

Court's decision in *Bruen*, and the district court rejected his claim by relying on pre-*Bruen* case law. The court of appeals remanded and instructed the district court to reassess the claim in light of the standard articulated in *Bruen*.

*Atkinson* merely reiterates the principle established in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022)—when a party challenges a firearm regulation as violative of the Second Amendment, the court must assess whether that regulation is consistent with this nation's historical tradition of firearm regulation.

Davis, however, has never filed a motion to dismiss or otherwise filed a motion challenging the charge against him on Second Amendment grounds. In no way does *Atkinson* somehow require or even authorize a court, unaided by any briefing from the parties and unprompted by any relevant motion, to assess whether a firearm charge is consistent with the nation's historical tradition of firearm regulation. A motion asking the court to conduct a historical analysis of a statute is not a proper motion. The motion to file instanter will be denied.

Insofar as Davis is now attempting to challenge the indictment on Second Amendment grounds, the motion is denied. The deadline for filing motions was January 6, 2023, which was well after the Court's decision in *Bruen.* Any motion on the basis that prohibiting felons from possessing firearms was inconsistent with the nation's historical tradition of firearm regulation could have (and therefore must have) been

brought by that deadline. In no way did *Atkinson* change the law such that it provided a basis for a new motion that could not have been filed by the deadline set by the court.

**IT IS THEREFORE ORDERED** that Maurice Davis's "Motion to: (1) File Present Motion Instanter; and (2) For Trial Court to Conduct Historical Analysis as to the Applicability of 18 U.S.C. 922(g)(1) as to the Defendant, and Possible Dismissal of the Indictment" (ECF No. 28) is **denied**.

Dated at Milwaukee, Wisconsin this 13th day of July, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge