UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-CR-210-JPS |
| MAURICE GEONTA DAVIS, | ORDER |
| Defendant. | |

Defendant Maurice Geonta Davis ("Defendant") pleaded guilty to the firearm charge contained in a single-count Indictment and was sentenced on July 11, 2024. ECF Nos. 57, 78–80. Based on the metric submitted by the United States Probation Office for the Eastern District of Wisconsin ("Probation") and after addressing Defendant's objections to the Presentence Investigation Report ("PSR") and Defendant's acceptance of responsibility, the Court found that under the United States Sentencing Guidelines (the "Guidelines"), Defendant had an offense level of 22 and a criminal history category of V, resulting in an advisory sentencing range of 77 to 96 months of imprisonment followed by a term one to three years of supervised release. ECF No. 78 at 2–3. Defendant was ultimately sentenced to a below-Guideline, 68-month term of imprisonment to be followed by a three-year term of supervised release. *Id.* at 4.

Now before the Court is a motion, dated July 21, 2024, in which Defendant asks the Court to reconsider his sentence. ECF No. 82. He moves pursuant to Federal Rule of Criminal Procedure 35(a) and/or "common law." *Id.* at 1, 2, 4 (describing motion as a "Common-law Motion to

Reconsider or Motion under [R]ule 35(a)[,] whichever construction suits this Court"). Specifically, he cites the Court's "clear error" as grounds for his motion. *Id.* at 1.

Rule 35(a) permits the district court to "correct a sentence that resulted from arithmetical, technical, or other clear error," provided that the correction is sought or takes place within fourteen days of sentencing. Fed. R. Crim. P. 35(a). As a threshold matter, although common-law motions for reconsideration are permitted in criminal cases in some circumstances, *United States v. Townsend*, 762 F.3d 641, 646 (7th Cir. 2014) (noting "issues related to convictions" may be raised in such a motion and citing *United States v. Ibarra*, 502 U.S. 1, 6 (1991) and *United States v. Rollins*, 607 F.3d 500, 501 (7th Cir. 2010)), the Seventh Circuit has expressly "disavow[ed]" any notion "that district courts retain common-law authority to reconsider a sentence." *Id.* at 646–67. A motion like Defendant's therefore proceeds solely under Rule 35(a).[1] *Id.* at 647.

"The scope of Rule 35(a) is narrow; the advisory committee notes indicate that the Rule should 'extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court . . . .'" *United States v. Clark*, 538 F.3d 803, 809 (7th Cir. 2008) (quoting Fed. R. Crim.

---

[1]Defendant submitted a notice of appeal dated July 23, 2024 and entered on July 25, 2024, which appears to be timely. Fed. R. App. P. 4(b)(1). Notwithstanding Defendant's notice of appeal, the Court still has jurisdiction to entertain his Rule 35(a) motion. *Id.* at 4(b)(5) ("The filing of a notice of appeal . . . does not divest a district court of jurisdiction to correct a sentence under [Rule] 35(a), nor does the filing of a motion under [Rule] 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion. The filing of a motion under [Rule] 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction.").

P. 35 advisory committee's note to 1991 Amendments). "The Rule does not give the district court a second chance to exercise its 'discretion with regard to the application of the sentencing guidelines,' . . . [and] should not be used in a way that relaxes 'any requirement that the parties state all objections to a sentence at or before the sentencing hearing.'" *Id.* (quoting same).

The Court understands Defendant to allege three errors in its decision-making that impacted his advisory Guidelines ranges of imprisonment and supervised release. First, Defendant argues, the Court mistakenly included three criminal history points in his criminal history calculation for his conviction in a 1998 state case, at which time Defendant was 17 years old but was treated as an adult. ECF No. 82 at 3–4; ECF No. 75 at 8 (PSR). In that case, Defendant was paroled in April 2004, then revoked and reincarcerated in February 2007, and ultimately released back onto parole in February 2009. ECF No. 75 at 8; ECF No. 75-1 at 7–8 (PSR addendum addressing this objection); ECF No. 81 at 8 (revised PSR after sentencing); ECF No. 78-2 at 1–2 (state court records attached to sentencing minutes). Defendant argues that the relevant time period for determining whether to include this offense in calculating his criminal history score is the five years preceding the commission of the instant offense under Application Note 7 to Guideline § 4A1.2(d). ECF No. 82 at 3; ECF No. 75-1 at 7.[2] Defendant's release from his revocation sentence in that case occurred

---

[2] Defendant references October 3, 2008 as his release date from the sentence imposed in the 1998 state case. ECF No. 82 at 3. However, the PSR, revised PSR, and state court documents, which the Court reviewed at sentencing, all indicate that he was released in February 2009. Any reference to an October 2008 release date was in error. In any event, the distinction is immaterial. If the Court were to apply Defendant's preferred Guidelines, either the October 2008 or February 2009 date would be well outside the five-year time period for inclusion in his criminal history score. Applying the Guidelines as Probation recommended and the Court

outside of that five-year time period and therefore, Defendant says, that offense should not have been included in calculating his criminal history score. *Id.* at 4.

This argument simply rehashes one of Defendant's objections to the PSR, which Probation addressed in the PSR addendum. ECF No. 75-1 at 7–8 ("Mr. Davis objects to his conviction in Case No. 98CF1082 counting toward his criminal history score."). The Court addressed that objection at sentencing and overruled it, instructing Defendant to take up the issue on appeal. ECF No. 78 at 2.[3] On that basis, the Court will deny this aspect of Defendant's reconsideration motion. *See Clark*, 538 F.3d at 809. While Defendant may disagree with the Court's legal conclusions as to the operation of Guidelines § 4A1.2(d) and (e), these are not "errors which would almost certainly result in remand" or mistakes of fact or arithmetic. *Id.* (citation omitted). Rather, Defendant invites the Court to revisit its application of the Guidelines to his individual case, which the Court is not permitted to do in a Rule 35(a) posture. *Id.* (citation omitted). The Court stands on its findings and comments at sentencing, which Defendant is free to challenge on appeal.

Defendant's second argument is that the Court failed to address his "argument concerning the rule of lenity" with respect to "whether or not there was a conflict between [Guideline] 4B1.2 and Application Note 1." ECF No. 82 at 5. He argues that the Court's "failure to apply the rule of

---

ultimately did at sentencing, *see* ECF No. 78 at 2, either date falls within the fifteen-year time period for inclusion. *See* U.S.S.G. § 4A1.2(e)(1).

[3]The Court's minutes incorrectly state that Defendant was objecting to paragraph 31 of the PSR (and Defendant himself earlier in the hearing noted his objection to paragraph 31). ECF No. 78 at 1–2. Defendant presumably was objecting to paragraph 33 of the PSR. *See* ECF No. 75-1 at 7.

Page 4 of 7

Case 2:22-cr-00210-JPS    Filed 07/31/24    Page 4 of 7    Document 88

lenity . . . resulted in an improper calculation of the base offense level," which he avers can be corrected through a Rule 35(a) motion. *Id.* at 6 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). This argument mirrors Defendant's objection to paragraph 20 of the PSR, in which he argued that his 2011 federal drug conspiracy conviction should not be considered as a prior controlled substance offense for purposes of calculating his base offense level. ECF No. 75-1 at 1–4.

Defendant's belief that the Court did not address his arguments is perhaps understandable. The minutes from the sentencing hearing reflect that the Court considered "the authorities cited at page 4 of the PSR addendum"—i.e., the same arguments and authorities Defendant now says the Court failed to consider—but goes on to say that it did so in the context of "reject[ing] Defendant's objection to paragraph 31 and to the inclusion of the 1998 offense in his criminal history score." ECF No. 78 at 2. The 1998 and 2011 cases were both referenced in this objection by Defendant as well as in his objection to paragraph 33. *See supra* note 3. The Court addressed these objections comprehensively. The Court regrets any confusion resulting from how this discussion was captured in its sentencing minutes, but it stands by its statements and findings at sentencing, which Defendant can read verbatim in the sentencing transcript. What the sentencing minutes say or don't say does not change the fact that the Court indeed considered and overruled this objection as to inclusion of the 2011 offense. Again, Rule 35(a) provides no basis for the Court to revisit arguments that it has already considered; Defendant's audience for these arguments is now the Seventh Circuit.

Third and finally, Defendant argues that his 18-month sentence in a 2006 state case, which ran concurrently with his revocation sentence in the

1998 case, should not have been counted towards his criminal history score because the sentence in the 2006 case expired outside the 15-year time period in Guideline § 4A1.2(e)(1). ECF No. 82 at 7. Defendant raised this argument in objecting to the PSR, ECF No. 75-1 at 8–9, and the Court addressed and rejected it at sentencing. ECF No. 78 at 3. For the same reasoning stated above, Defendant's Rule 35(a) motion is not a proper vehicle to revisit this argument.

On a final, unrelated note, alongside his notice of appeal Defendant filed a request "for the record on appeal." ECF No. 84. Specifically, he requests that transcripts of "all in [c]ourt proceedings" in this matter be furnished to him at the United States' expense under the Criminal Justice Act. *Id.* "Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006(A)) [(the "CJA")] . . . shall be paid by the United States out of moneys appropriated for those purposes." 28 U.S.C. § 753(f). Magistrate Judge Nancy Joseph previously found Defendant "financially unable to obtain counsel" and appointed him counsel under the CJA. ECF No. 8. Defendant later elected to represent himself (with the Court maintaining his CJA-appointed attorney as standby counsel). ECF No. 58 at 2. However, Defendant's pro se status at this juncture "does not alter the prior finding of indigency allowing for the appointment of CJA counsel in the first place." *United States v. Aziz Hassan Bey*, Case No. 22-CR-169-JPS-1, ECF No. 298 at 1–2 (Feb. 27, 2024) (Magistrate Judge Nancy Joseph granting the defendant's motion for trial transcript furnished at the United States' expense).

The Court will therefore grant Defendant's request that transcripts be furnished to him pursuant to the CJA. However, Defendant's request for transcripts of *all* in-court proceedings is overly broad; for this reason, his

Page 6 of 7

Case 2:22-cr-00210-JPS   Filed 07/31/24   Page 6 of 7   Document 88

motion is granted only in part. There were seven hearings in this matter. ECF Nos. 3 (arraignment and plea), 19 (first hearing on first defense attorney's motion to withdraw), 25 (second hearing on first defense attorney's motion to withdraw), 58 (final pretrial conference), 60 (change of plea hearing), 77 (sentencing), 78 (continued sentencing). Defendant has not indicated what issues he intends to raise on appeal. Unless Defendant intends to appeal issues that happened at each and every hearing, it is not a good use of court reporter resources to prepare each and every transcript.

The Court will therefore order that the transcripts of both parts of the sentencing hearing, ECF Nos. 77 and 78, be prepared and provided to Defendant at the Government's expense. If Defendant seeks the transcripts of other hearings, he may specifically request them in writing.

Accordingly,

**IT IS ORDERED** that Defendant Maurice Geonta Davis's motion for reconsideration, ECF No. 82, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's request for copies of transcripts furnished at the United States' expense under the Criminal Justice Act, ECF No. 84, be and the same is hereby **GRANTED in part** as stated in this Order; the assigned court reporters shall prepare transcripts of the sentencing hearings held on June 21 and July 11, 2024.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 7 of 7

Case 2:22-cr-00210-JPS    Filed 07/31/24    Page 7 of 7    Document 88