# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MAURICE GEONTA DAVIS, <br><br> Defendant. | Case No. 22-CR-210-JPS <br><br><br> **ORDER** |

Defendant Maurice Geonta Davis ("Defendant") was sentenced in July 2024 to a term of imprisonment of sixty-eight months for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8). ECF Nos. 78, 79. At sentencing, Defendant objected to application of a two-level enhancement to his offense level for the firearm being stolen. ECF No. 78 at 3. The Court noted but overruled the objection and applied the enhancement. *Id.* In doing so, the Court noted that it did not matter "whether [Defendant] was personally aware that the gun was stolen," referencing the applicable United States Sentencing Guideline. ECF No. 90 at 21.

That Guideline, § 2K2.1(b)(4), provides for the previously noted two-level enhancement. In Application Note 8(B), the United States Sentencing Commission ("the Commission") notes that § 2K2.1(b)(4)'s two-level enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen."

Defendant now moves for a reduction in his sentence, purportedly because of an amendment to § 2K2.1(b)(4). ECF No. 101. Defendant asserts

that, effective as of November 1, 2025, "the prosecution must . . . prove the defendant knew or had reason to believe the firearm was stolen to apply the enhancement" in § 2K2.1(b)(4). *Id.* at 2.[1]

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[2] Broadly speaking, Defendant is correct that the Commission issued amendments to various Guidelines related to firearms offenses on November 1, 2025. *See Amendments to the Sentencing Guidelines ("Reader-Friendly" Version)* 19–31, U.S. SENT'G COMM'N (Apr. 30, 2025), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202505_RF.pdf [https://perma.cc/KTR7-TMWK] (last visited Dec. 9, 2025).

However, nothing in these amendments changes anything in § 2K2.1(b)(4) or Application Note 8(B). *See id.* at 22, 27. The Court sees no basis for Defendant's argument that the meaning or legal standard of the Guideline that led to application of the two-level stolen firearm enhancement in his case has changed. It is unclear from where Defendant

---

[1] Defendant has appealed his underlying criminal conviction and sentence to the United States Court of Appeals for the Seventh Circuit. *United States v. Maurice Geonta Davis*, Appeal No. 24-2280 (7th Cir. July 26, 2024). However, Defendant's appeal does not divest the Court of jurisdiction over Defendant's present motion because the issue it presents—whether to apply a purported Guidelines amendment that post-dates his sentence—is not "involved in the appeal." *S & S Sales Corp. v. Marvin Lumber & Cedar Co.*, 457 F. Supp. 2d 903, 905 (E.D. Wis. 2006) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

[2] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

received this information about the purported amendment to § 2K2.1(b)(4), but it is incorrect. (In any event, in order for the purported amendment to apply, the Commission would have to make it retroactively applicable, which it has not done here. *See* U.S.S.G. § 1B1.10(a)(1), (a)(2), and (d).) For all these reasons, Defendant's motion to reduce his sentence pursuant to a purported amendment to the relevant Guideline must be denied.

Accordingly,

**IT IS ORDERED** that Defendant Maurice Geonta Davis's motion to reduce his sentence, ECF No. 101, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge